IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JOSE BAUTISTA CANTU, JR. | § | |
| VS. | § | CIVIL ACTION NO. 9:18-CV-32 |
| DIRECTOR, TDCJ-CID | § | |

### ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Jose Bautista Cantu, Jr., a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court ordered that this matter be referred to the Honorable Zack Hawthorn, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends dismissing the petition as barred by the statute of limitations.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and the pleadings. Petitioner filed objections to the Magistrate Judge's Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration of all the pleadings and the relevant case law, the court concludes that petitioner's objections lack merit.

Petitioner filed this federal petition more than twelve years after the statute of limitations expired. The magistrate judge found that petitioner's incarceration in Maryland and his reading and writing disabilities did not warrant equitable tolling. In his objections, petitioner raises new grounds

for equitable tolling: petitioner alleges he was under psychological care for a period of time and a series of retained attorneys failed to file habeas petitions.

In some cases, mental incompetency might support equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 715 (1999) (holding that equity did not require tolling where a period of mental incompetency occurred six months before the filing deadline and petitioner did not show that he diligently pursued habeas relief during the remainder of the time). In this case, petitioner does not allege that he was mentally incompetent, only that he received psychological care for an unspecified reason and for an unspecified period of time. Therefore, petitioner has not demonstrated that he is entitled to equitable tolling while he received psychological care. Further, petitioner is not entitled to equitable tolling because he has not shown a causal connection between a mental illness and his failure to file a timely petition. *See Jones v. Stephens*, 541 F. App'x 499, 505 (5th Cir. 2013) (holding that mental illness may warrant equitable tolling if the petitioner was incompetent and the incompetence affected the petitioner's ability to timely file a habeas petition).

Petitioner also contends that equitable tolling is warranted due to the inaction of his attorneys. At the time of his conviction, petitioner was represented by retained counsel who told petitioner he would file a habeas petition on petitioner's behalf. Petitioner alleges the attorney repeatedly assured him and his family that a petition had been filed, but the attorney did not file a habeas petition in state or federal court. In some instances, an attorney's misleading statements about filing a petition might present a "rare and extraordinary circumstance" that would warrant equitable tolling. *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002). In addition to showing an "extraordinary circumstance" prevented him from filing a timely petition, petitioner must also show that he

diligently pursued his rights. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner appears to contend that he diligently pursued his rights by hiring a series of attorneys to represent him.

Petitioner asserts that the first attorney represented him during the criminal proceedings until September 2, 2005, when the State Bar of Texas took disciplinary action against the attorney. In October of 2005, petitioner alleges he learned that the attorney was no longer working on his case. At that point, petitioner had approximately one month left to file a timely federal petition, which was due on November 24, 2005. Petitioner could have filed a skeleton petition to preserve his rights, but he did not. Instead, his family retained a second lawyer on November 30, 2005. The second lawyer researched petitioner's case and prepared a lengthy memorandum outlining potential claims and issues, including advising petitioner of the statute of limitations. The attorney concluded that petitioner was unlikely to receive relief in a habeas proceeding, and, if he was granted relief, petitioner would face additional charges that had been dismissed previously as part of a plea agreement. Petitioner contends the second attorney's representation concluded on October 11, 2006. Petitioner did not pursue his claims until his family retained a third attorney on May 4, 2010. The third attorney advised petitioner that, if he successfully reversed his convictions, the State intended to charge petitioner with the dismissed offenses, take them to trial, and ask the judge to stack the sentences. Because the attorney felt that petitioner would receive the same or a harsher sentence, the attorney declined to file a habeas petition, and he concluded his representation on March 25, 2012. Petitioner contends his family retained a fourth attorney from August of 2012, through February of 2014, but that attorney also declined to file a petition for habeas relief.

Petitioner believes he acted diligently in pursuing his claims by hiring attorneys to review his case. However, that does not account for approximately seven years when he was not represented

by counsel and failed to pursue his claims. Petitioner contends that he lacked access to Texas legal materials during the time he was incarcerated in Maryland and that he has difficulties reading and writing. Although petitioner alleges he did not have access to legal materials specific to Texas, petitioner does not state that he lacked access to legal materials that would assist him with filing a federal habeas petition. Additionally, petitioner had in his possession a memorandum containing a thorough summary of potential claims, which was prepared by his attorney on January 5, 2007. Petitioner could have filed a habeas petition based on the research in the memorandum, but he did not. Petitioner's ignorance of the law and reading and writing disabilities do not justify equitable tolling. *Sutton v. Cain*, 722 F.3d 312, 316 (5th Cir. 2013) (ignorance of the law does not justify equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (illiteracy does not warrant equitable tolling). Because petitioner has not shown that he diligently pursued his claims, equitable tolling is not warranted in this case.

In addition, petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to

proceed further. *See Slack*, 529 U.S. at 483-84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). If the petition was denied on procedural grounds, petitioner must show that jurists of reason would find it debatable: (1) whether the petition raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484; *Elizalde*, 362 F.3d at 328. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

Here, petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason, or that a procedural ruling was incorrect. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability.

ORDER

Accordingly, petitioner's objections (document no. 8) are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge (document no. 6) is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendation. A certificate of appealability will not be issued.

**So Ordered and Signed**
**Apr 20, 2018**

_____
Ron Clark, United States District Judge